IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PATRICIA HUNT,<br>Plaintiff,<br>vs.<br>MAUI SPECIFIC POLICE DEPT.,<br>Defendant. | CIV. NO. 26-00422 HG-RT<br><br>FINDINGS AND RECOMMENDATION TO DENY APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS AND DISMISS COMPLAINT |

**FINDINGS AND RECOMMENDATION TO DENY APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS AND DISMISS COMPLAINT**

Before the Court is Plaintiff Patricia Hunt's ("Plaintiff") *Application to Proceed in District Court Without Prepaying Fees or Costs* ("IFP Application"), filed on August 7, 2026. ECF No. 2. Plaintiff is a pro se litigant and seeks to proceed *in forma pauperis* ("IFP") status in this case. The Court shall make its recommendation on the *IFP Application* without a hearing pursuant to Rule 7.1(d) of the *Local Rules of Practice for the United States District Court for the District of Hawaii*. After careful consideration of the *IFP Application*, *Complaint* (ECF No. 1), record in this case and applicable law, the Court **RECOMMENDS** that the district court **DENY** the *IFP Application* and **DISMISS WITHOUT**

**PREJUDICE** the *Complaint* (ECF No. 1) for failure to state a claim. The Court also recommends that dismissal should be **WITH LEAVE TO AMEND**.

## DISCUSSION

A court may authorize the commencement or prosecution of any suit without prepayment of fees if the litigant submits an affidavit stating that the litigant is unable to pay the required fees. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)) (the affidavit "is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life."). In determining whether an applicant should be granted IFP, the Court considers whether the applicant's annual income surpasses the poverty threshold as determined by the Department of Health and Human Services ("HHS") 2026 Poverty Guidelines. *See* Office of the Assistant Secretary for Planning and Evaluation, Poverty Guidelines, https://aspe.hhs.gov/topics/poverty-economic-mobility/poverty-guidelines (last visited Sept. 28, 2026). This threshold is based on the number of people in the applicant's family or household. The poverty guideline for a one-person household in Hawaii is $18,360.00 annually. In the *IFP Application*, Plaintiff claims an income of $0 per month and no housing expenses or any other personal, monthly expenses. ECF No. 2 at PageID.24. However, Plaintiff claims debt in the amount of approximately $3,500.00. *Id.*

It appears that Plaintiff is unable to pay the court costs and still pay for his living expenses. Nevertheless, "[a] district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat. Bank & Tr.*, 821 F.2d 1368, 1370 (9th Cir. 1987) (citations omitted). In this case, it appears that (1) this Court may lack subject matter jurisdiction over this case; and (2) the *Complaint* is without merit because it fails to state a claim. The Court thus **RECOMMENDS** that the *IFP Application* be **DENIED**.

**I. The Complaint Does Not Establish Subject Matter Jurisdiction**

In order to establish subject matter jurisdiction, the *Complaint* must allege federal question claims or diversity of citizenship. Plaintiff brings this case to federal court under federal question jurisdiction. ECF No. 1 at PageID.2. However, the only claim alleged in the *Complaint* is "public corruption." There are no facts to support this conclusory allegation. Because Plaintiff is proceeding pro se, this Court must liberally construe Plaintiff's pleadings. *Bernhardt v. Los Angeles Cty.*, 339 F.3d 920, 925 (9th Cir. 2003). However, as written, the *Complaint* fails to provide the Court with any information which may be liberally construed to find that Plaintiff has a claim that establishes federal subject matter jurisdiction. For this reason, the district court should dismiss the *Complaint*.

## II. The Complaint Fails to State a Claim

A court may also deny leave to proceed IFP at the outset and dismiss the complaint if it appears from the face of the complaint that the action fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2); *see Tripati*, 821 F.2d at 1370; *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998). Rule 8 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") requires that pleadings contain "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Although the federal rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (citation omitted). "The Federal Rules require that averments 'be simple, concise and direct.'" *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996).

Here, the only information provided in the *Complaint* is the mere statement: "Maui Police public corruption." ECF No. 1 at PageID.3. No other information or explanation is provided. This is precisely the type of "mere conclusory statement[ ]," that the Supreme Court has determined "do[es] not suffice" to establish a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Accordingly, the Court **RECOMMENDS** that the district court **DISMISS** the *Complaint*.

### III. Dismissal of the Complaint Should Be with Leave to Amend

If a court dismisses a complaint, it "should grant leave to amend [the pleading] even if no request . . . was made, unless [the court] determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations omitted); *see also Tripati*, 821 F.2d at 1370. Specifically, "pro se plaintiffs proceeding [IFP] must also be given an opportunity to amend their complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Tripati*, 821 F.2d at 1370 (citations omitted) (internal quotation marks omitted). Because Plaintiff is proceeding pro se and it is not clear that the deficiencies cannot be cured by amendment, the Court **RECOMMENDS** that the dismissal be **WITHOUT PREJUDICE** and that Plaintiff be allowed to amend the *Complaint*.

## CONCLUSION

Based upon the foregoing, the Court **FINDS** that the *Complaint* fails to state a claim. As a result, the Court **RECOMMENDS** that the district court **DENY** the *IFP Application* and **DISMISS** the *Complaint*. However, it is not clear that the deficiency cannot be cured by an amendment. Accordingly, the Court **RECOMMENDS** the **DENIAL** of the *IFP Application* and **DISMISSAL** of the *Complaint*. The Court **RECOMMENDS** that the **DISMISSAL** be **WITHOUT PREJUDICE** and **WITH LEAVE TO AMEND**.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, September 28, 2026.

Rom A. Trader
United States Magistrate Judge